# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

MARKETFLEET PUERTO RICO, INC.,
derivatively on behalf of
MARKETFLEET INC.,

    **Plaintiff,**

        **v.**                      **Civil No.** 18-1112 (FAB)

YARDSTASH SOLUTIONS, LLC,

    **Defendant.**

## MEMORADUM AND ORDER[1]

BESOSA, District Judge.

Before the Court is defendant Yardstash Solutions, LLC ("Yardstash")'s motion to transfer pursuant to 28 U.S.C. § 1404(a) ("section 1404"). (Docket No. 9.) For the reasons set forth below, the Court **GRANTS** Yardstash's motion to transfer.

## I. Factual Background

This action concerns a patent infringement claim. (Docket No. 9 at p. 7.) Yardstash is a Delaware incorporated limited liability company with its principal place of business in San Diego, California. (Docket No. 11, Ex. 1 at pp. 13-14; Docket No. 9, Ex. 1 at p. 1.) San Diego is located in the Southern District of California. Marketfleet is a Delaware corporation

---

[1] Jeremy S. Rosner, a third-year student at Emory University School of Law, assisted in the preparation of this Memorandum and Order.

with its principal place of business in Chico, California. (Docket No. 9, Ex. 9 at p. 7.) Chico is located in the Eastern District of California. Id.

## A. The California Litigation

Yardstash purportedly owns a patent for a storage tent pursuant to United States Patent No. D689,579 ("Patent 579"). (Docket No. 2; Docket No. 9, at p. 7.) According to Yardstash, Marketfleet infringed Patent 579 by "making, offering for sale, selling, and/or shipping a nearly identical product to [Patent 579]." (Docket No. 9, Ex. 3 at p. 4.)

On March 28, 2017, Yardstash commenced an action in the Southern District of California, alleging violations of United States patent law and California law. Docket No. 9, Ex. 3 at pp. 7-8; see 35 U.S.C. §§ 284 et seq., Cal. Bus. & Prof. Code § 17200 et seq. Subsequently, the District Court for the Southern District of California transferred Yardstash's patent infringement claims to the Eastern District of California pursuant to 28 U.S.C. § 1406(a). Id. at pp. 6-8.

## B. The Puerto Rico Litigation

On February 26, 2018, Marketfleet PR filed a derivative complaint against Yardstash in the District of Puerto Rico on behalf of Marketfleet. (Docket No. 1 at pp. 1-2, 4.) Marketfleet PR is incorporated in Puerto Rico, and maintains its principal

place of business in Puerto Rico. Id. at p. 3. Marketfleet PR
requests that this Court issue a declaratory judgment, holding
either that Marketfleet's storage tent does not infringe Patent
579, or that Patent 579 is invalid. Id. On May 15, 2018,
Yardstash moved to transfer the claims asserted by Marketfleet PR
to the Eastern District of California pursuant to section 1404.
(Docket No. 9 at p. 29.)[2]

## II. Transfer Pursuant to 28 U.S.C. Section 1404

Pursuant section 1404, "a district court may transfer any
civil action to any other district or division where it might have
been brought . . . in the interest of justice." 28 U.S.C.
§ 1404(a). Congress adopted this statute "to prevent the waste
of time, energy and money, and to protect litigants, witnesses and
the public against unnecessary inconvenience and expense." Van
Dusen v. Barrack, 376 U.S. 612, 616 (1964) (citation omitted).
Yardstash shoulders the burden of proving that transfer is proper,
"because of the strong presumption in favor of plaintiff's choice

---

[2] Yardstash also moves to dismiss the complaint for lack of jurisdiction and
improper venue pursuant to Federal Rule of Civil Procedure 12(b)(2) and (3)
("Rule 12(b)"). (Docket No. 9.) Because Marketfleet PR's claims are
transferred to the Eastern District of California, this Court need not address
whether jurisdiction and venue are proper in the District of Puerto Rico. See
Antilles Cement Corp. v. Aalborg Portland A/S, 526 F. Supp. 2d 205, 207 (D.P.R.
2007) (Acosta, J.) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 24-
25 (1988)) ("[W]here transfer to another federal jurisdiction is viable, the
proper remedy is not dismissal of the complaint [based on lack of personal
jurisdiction or venue] but rather a determination of whether transfer is
proper".).

of venue." <u>Arroyo-Pérez v. Demir Group Int'l.</u>, 733 F. Supp. 2d at 319 (citations omitted); <u>see</u> <u>Villalobos v. North Carolina Growers Ass'n.</u>, 42 F. Supp. 2d 131, 142 (D.P.R. 1999) (Fusté, J.) (citation omitted) ("The burden of proof is on the movant and unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.") (citation and internal quotation omitted).

Courts possess discretion in "adjudicat[ing] motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." <u>Astro-Med, Inc. v. Nihon Kohden Am., Inc.</u>, 591 F.3d 1, 12 (1st Cir. 2009). To determine whether transfer is warranted, Courts consider the following four factors: (1) the convenience of the parties and witnesses, (2) the availability of documents, (3) the possibility of consolidation, and (4) the order in which the district court obtained jurisdiction." <u>Albizu Rodríguez, v. Carlos Albizu Univ.</u>, 585 F. Supp. 2d 240, 244 (D.P.R. 2008) (Besosa, J.) (citation omittied).

**III. Discussion**

All factors weigh in favor of transfer. Accordingly, the Court transfers this action to the Eastern District of California.

A. **Convenience of the Parties and Witnesses**

In the context of section 1404, "the convenience of witnesses is probably the most important factor in deciding whether to transfer." Ponce de León Hosp. Corp. v. Avalon Logistics, Inc., 117 F. Supp. 3d 124, 132 (D.P.R. 2015) (Domínguez, J.) (citation omitted). The movant must "show that it would be inconvenienced by the chosen venue." Arroyo-Pérez, 733 F. Supp. 2d at 319 (citation omitted). Courts need not defer to the plaintiff's choice of forum when there is no connection between the selected jurisdiction and the allegations underlying the complaint. See Fash Obalco v. M.K.M. Indus., 888 F. Supp. 344, 349 (D.P.R. 1995) (Domínguez, J.) (internal citations omitted) ("Where the forum chosen by plaintiff is not his place of residence, or bears no obvious connection to the case, the defendant's residence gains importance in determining the relative convenience of the parties.").

Marketfleet PR is a Puerto Rico corporation, and maintains its principal place of business in Puerto Rico. (Docket No. 9, Ex. 4 at pp. 2-3; Docket No. 9, Ex. 2 at p. 2.) Marketfleet PR, however, is suing on behalf of Marketfleet. (Docket No. 1 at p. 1.) Marketfleet's officers, directors, and employees are

located in California.[3] Yardstash's officers, directors, and employees are also located in California.[4] George Barker ("Barker") is the inventor of the storage tent corresponding to Patent 579. (Docket No. 9, Ex. 1 at p. 1.) Barker is the most important witness in the case, and resides in California. Id.; see SCVNGR, Inc. v. eCharge Licensing, LLC, No. 13-12418, 2014 U.S. Dist. LEXIS 135408, at *21 (D. Mass. Sept. 25, 2014) (holding that "the most significant witnesses in a patent infringement case are the inventors"). Consequently, the Eastern District of California is a more convenient forum to litigate the purported infringement of Patent 579.

### B.    Availability of Documents

With regard to the second factor, "[d]ue to recent technological advances, reliance on physical copies of documents and records has diminished now that documents have become more accessible through electronic means." Ponce de León Hosp. Corp., 117 F. Supp. 3d at 133 (citation omitted). This litigation involves online retail, entailing proof of purchase and sales records that are stored electronically. See Docket No. 11, Ex. 1 at pp. 2, 5 and 7. Moreover, Patent 579 is logged electronically

---

[3] See Docket No. 1 at p. 3; Ex. 2 at pp. 2-3; Ex. 6 at pp. 2-3; Ex. 7 at p. 2; Ex. 7 at pp. 6-7; Docket No. 11, Ex. 1.

[4] See Docket No. 1 at p.3; Docket No. 9, Ex. 1 at p. 1; Ex. 3 at p. 2.

with the United States Patent and Trademark Office. (Docket No. 2; Docket No. 9 at p. 7.) Accordingly, the availability of documents is no reason to deny Yardstash's motion to transfer.

### C. Possibility of Consolidation and Order in which Jurisdiction was Obtained

The third and fourth factors of the section 1404 analysis "prevent duplication and inconsistent rulings." Arroyo-Pérez, 733 F. Supp. 2d at 321. With regard to the third factor, transfer is appropriate when the actions subject to consolidation are in the early stages of litigation. Cf. Codex Corp. v. Milgo Elec. Corp., 553 F.2d 735, 739 (1st Cir. 1977). The fourth factor establishes that "the first filed action is generally preferred in a choice-of-venue decision." Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987); see N.Y. Wiping & Indus. Prod. Co. v. Rocky Brands, Inc., No. 09-1237, 2009 U.S. Dist. LEXIS 77827 at *6 (D.P.R. Aug. 31, 2009) (Fusté, J.) ("Where the parties have filed two actions in separate districts, however, and the actions are nearly identical, 'the first-filed action is generally preferred in a choice of venue decision.'") (citation omitted).

The cases pending in the District of Puerto Rico and the Eastern District of California are both in the pre-trial stages. See Docket No. 9, Ex. 10 at p. 5; Docket No. 11; Docket No. 12. The Eastern District of California case concerns a patent infringement claim regarding Patent 579. (Docket No. 9, Ex. 3 at

p. 2.) The case before this Court pertains to the validity and enforceability Patent 579. (Docket No. 1 at pp. 1-2.) Because both cases involve nearly identical facts, they are subject to consolidation. See Albizu, 585 F. Supp. 2d at 244.

The Southern District of California transferred Yardstash's patent infringement action to the Eastern District of California on February 16, 2018. (Docket No. 9, Ex. 9 at p. 8.) The case before this Court commenced ten days later on February 26, 2018. See Docket No. 1 at p. 19. Accordingly, all factors weigh in favor of transfer to the Eastern District of California.

## IV. Conclusion

For the reasons set forth above, the Court **GRANTS** Yardstash's motion to transfer. (Docket No. 9.) Accordingly, this action is **TRANSFERRED** to the Eastern District of California.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August 31, 2018.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE